UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES NELSON,

        Plaintiff,

v.                      Case No. 3:05-cv-432-J-20TEM

STATE OF FLORIDA, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Notice of Inquiry (Doc. #1) (hereinafter Complaint) on May 12, 2005. Plaintiff seeks injunctive relief, requesting "emergency release and compensation" for his allegedly unlawful conviction. Complaint at 4.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
>
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.

See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

As an initial matter, it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Additionally, he has completely failed to meet his burden of establishing that there is a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be averse to the public interest. Thus, he is not entitled to injunctive relief.

Additionally, this case will be dismissed due to the following deficiencies. Plaintiff raises numerous and largely unintelligible claims. It appears that Plaintiff is attempting to raise prisoner civil rights claims as well as habeas corpus claims. Plaintiff cannot raise both civil rights claims and habeas corpus claims in a single action.

With respect to Plaintiff's civil rights claims, he failed to use the appropriate form to present these claims. Plaintiff also failed to allege or show that he exhausted his administrative remedies with respect to his conditions of confinement claims. See 42 U.S.C. § 1997(e). Furthermore, Plaintiff did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised the claims previously. Plaintiff also failed to provide the Court with any copies of the Complaint for service upon the Defendants. Additionally, he failed to either pay the $250.00 filing fee or file a motion to proceed as a pauper.

Moreover, to the extent that Plaintiff seeks monetary damages for his allegedly unlawful conviction, his claims are premature. In <u>Heck v Humphrey</u>, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff "must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused" before he seeks relief pursuant to § 1983. <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004 (11th Cir. 1998) (citations omitted). Clearly, Plaintiff's 42 U.S.C. § 1983 claim for monetary damages for his allegedly unlawful conviction has not yet accrued.

3

With respect to Plaintiff's habeas corpus claims, Plaintiff failed to file these claims on the appropriate form, failed to allege or show that he exhausted his state court remedies, <u>see</u> 28 U.S.C. § 2254(b)(1)(A), and failed to provide service copies. Finally, he failed to either pay the $5.00 habeas corpus filing fee or file a motion to proceed as a pauper.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice.

It is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

3. The Clerk of the Court shall provide Plaintiff with a civil rights complaint form, a form for use in filing Section 2254 cases and two affidavit of indigency forms.

**DONE AND ORDERED** at Jacksonville, Florida, this /6½ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 5/12
c:
James Nelson

4